UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNIVERSITY OF CINCINNATI CHAPTER OF
YOUNG AMERICANS FOR LIBERTY, *et al.*,   Case No. 1:12-cv-155

    Plaintiffs,   Judge Timothy S. Black

v.

GREGORY WILLIAMS, *et al.*,

    Defendants.

**ORDER GRANTING DEFENDANT BRITTANY SISKO'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. 77)**

This civil case is before the Court on Defendant Brittany Sisko's Motion to Dismiss (Doc. 77) and the parties' responsive memoranda (Docs. 84 & 85).

**I.   BACKGROUND**

    **A.**   **Facts**

Plaintiff Christopher Morbitzer is a student at the University of Cincinnati and the president of the University of Cincinnati Chapter of Young Americans for Liberty. (Doc. 69 at ¶¶ 5, 7). On February 9, 2012, Morbitzer sent an email application to the University's Office of Campus Scheduling regarding his desire to gather signatures on campus in support of a petition to place the Ohio Workplace Freedom Amendment on the November 2012 ballot. (Doc. 69, Ex. F at 1). Morbitzer sought clarification as to whether he and YAL would need prior approval to gather signatures, speak with fellow students, and express their support for the initiative both inside the University's designated Free Speech Area and on sidewalks and other open outdoor spaces. (*Id.*).

Morbitzer further sought clarification as to whether gathering signatures was a "demonstration, picket, or rally" within the meaning of the University's Use of Facilities and Policy Manual.[1] (*Id.*).

The following day, Morbitzer received a response from "Conference and Event Services" and authored by University employee Brian Short. (Doc. 69, Ex. G). The email did not directly answer Morbitzer's question about whether the gathering of signatures was a "demonstration, picket, or rally" and instructed him to use the online form to request the use of the McMicken Commons Northwest Corner (the Free Speech Area). The email further stated that "Per Use of Facilities, you are not permitted to walk around campus, if we are informed that you are, Public Safety will be contacted." (*Id.*). The email explained that Morbitzer would receive an email confirmation in "about 3 business days, sometimes less" regarding whether or not his request had been approved. (*Id.*).

Morbitzer then completed the requisite form. (Doc. 69, Ex. H). The same day, he received an email from Campus Scheduling student employee Brittany Sikso, granting him permission to use only the Free Speech Zone: "You have been assigned the Northwest Corner of McMicken Commons, however you are not permitted to walk around. Also note, that your event was approved despite our 5 Day Business Policy. In the future this will not be allowed." (*Id.*, Ex. I).

---

[1] The University's Use of Facilities Policy manual in effect at the time restricted "demonstrations, picketing, and rallies" to the northwest corner of McMicken Commons, designated as the University "Free Speech Area." (Doc. 69, Ex. A at 15).

**B.  Procedural History**

Plaintiffs filed the instant action on February 22, 2012, alleging that the University's policies regulating student speech violated the First Amendment. Plaintiffs sought injunctive relief against a number of University officials, including Defendant Sisko. Plaintiffs later filed a First Amended Complaint, which added a claim against Defendant Sisko in her individual capacity for violations of 42 U.S.C. § 1983. (*See* Doc. 15).

On June 12, 2012, the Court granted Plaintiffs' Motion for a Preliminary Injunction, finding that the Free Speech Area and the open outdoor areas of campus were designated public fora and that the University's policies failed to satisfy the requirements of strict scrutiny. (*See* Doc. 65). The Court enjoined the Defendants from enforcing its unconstitutional policies, and ordered them to craft more narrowly tailored regulations. (*Id.*). The University has since adopted revised policies. (*See* Doc. 81 at 1-2)

Defendant Sisko responded to Plaintiffs' allegations by filing a Motion to Dismiss (Doc. 37). However, the Court subsequently granted Plaintiffs leave to amend the complaint, rendering the pending motion moot. (*See* Doc. 67). Plaintiffs have since filed the Second Amended Complaint (Doc. 69), and Defendant Sisko has filed a new Motion to Dismiss (Doc. 77), again arguing that the complaint fails to state a claim and that she is immune from suit on the grounds of qualified immunity. The parties have filed responsive memoranda (Docs. 84 and 85), and the matter is now ripe for review.

## II. ANALYSIS

Sisko argues that Plaintiffs' claim that she is liable in her individual capacity fails for two reasons: (1) the Second Amended Complaint has failed to state a claim against her; and (2) she is entitled to qualified immunity for her actions.

### A. Failure to State a Claim

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to

dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Plaintiffs have failed to state a plausible claim for relief against Defendant Sisko in her individual capacity. To bring an individual capacity claim under 42 U.S.C. § 1983, Plaintiffs must demonstrate: (1) the defendant was a person acting under the color of state law and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Fridley v. Horrighs*, 291 F.3d 867, 871-72 (6th Cir. 2002). Here, the facts alleged by Plaintiffs are insufficient to demonstrate that Sisko deprived them of their First Amendment rights.

Plaintiffs' only factual allegations are that Sisko sent an email granting their use of the Free Speech Area, waiving the notice requirement, and informing them of the University policy prohibiting the circulation of petitions on sidewalks. (Doc. 69 at ¶ 91). Plaintiffs make no allegations that Sisko was a decision-maker with respect to the creation of the University policy, that she had the authority to grant them the use of the

sidewalks, nor that she made any decisions on the basis of the nature of their speech. Sisko simply granted the request and repeated a University policy. Plaintiffs simply offer conclusory allegations that "As a direct and proximate result of the denial by Brittany Sisko of their request . . . Plaintiffs' constitutional rights have been violated and Plaintiffs have suffered injury and damages." (*Id*. at ¶ 103). Such threadbare allegations are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 663.

### B. Qualified Immunity

Sisko also seeks to dismiss the claims against her in her individual capacity on the grounds of qualified immunity. Because the Court finds that Plaintiffs have failed to state a claim against Defendant Sisko, resolution of the qualified immunity question is unnecessary.

### III. CONCLUSION

For the reasons stated herein, Defendant Brittany Sisko's Motion to Dismiss (Doc. 77) is **GRANTED**. Plaintiffs' claims against Defendant Sisko in her individual capacity are **DISMISSED**.

**IT IS SO ORDERED**.

Date: 8/22/12                                             *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge