UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNIVERSITY OF CINCINNATI CHAPTER OF YOUNG AMERICANS FOR LIBERTY, *et al.*, | Case No. 1:12-cv-155 |
| Plaintiffs, | Judge Timothy S. Black |
| v. | |
| GREGORY WILLIAMS, *et al.*, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION TO CONVERT THE PRELIMINARY INJUNCTION INTO A PERMANENT INJUNCTION (DOC. 71)**

Plaintiffs filed the instant action on February 22, 2012, alleging that the University of Cincinnati's policies regulating student speech violated the First Amendment. On June 12, this Court granted Plaintiffs' Motion for a Preliminary Injunction, finding that the Free Speech Area and the open outdoor areas of campus were designated public fora and that the University's policies failed to satisfy the requirements of strict scrutiny. (*See* Doc. 65). The Court enjoined the Defendants[1] from enforcing its unconstitutional policies, and ordered them to craft more narrowly tailored regulations. (*Id.*).

On July 12, 2012, Defendants notified the Court that they had adopted the following revised free speech policy:

---

[1] Plaintiffs' Complaint sought injunctive relief against University President Gregory Williams, Program Director of Conference and Event Services Corinn Shemak, Public Safety and Special Events Coordinator Cathy Krumpelbeck, Campus Director of Public Safety Michael Cureton, and Conference & Event Services student employee Brittany Sisko. (Doc. 15). Plaintiffs also sought damages against Defendant Sisko in her individual capacity.

> "Effective as of June 12, 2012, the University of Cincinnati's Expressive Activity Policy is suspended by court order, as is any regulation of student speech found in the Use of Facilities Policy Manual and the Main Street Student Event Guide. The president of the University has directed as follows:
>
> • Students who wish to engage in any expressive activity in groups of 25 or fewer, including soliciting signatures on petitions, may do so, without any prior notice to the university, in the Free Speech Area and the open campus areas, plazas, and sidewalks.
>
> • Students who wish to engage in any expressive activity in groups of more than 25: (a) are asked to call Campus Scheduling (558-1810) at least 24 hours in advance and (b) may conduct activities in the same locations, except that the university reserves the ability, on a case-by-case basis, to change the location of a very large activity (groups of 5,000 or more), but only to the extent necessary to ensure the safety and security of the university community.
>
> • Students engaging in any activity on campus are to adhere to the student code of conduct and always to acquit themselves in accordance with applicable law." (Doc. 81 at 1-2).

The Court finds that the University's revised policy is in accordance with the prior Order, and the Court anticipates that the revised policies will continue in effect.

Plaintiffs subsequently filed a motion seeking to convert the preliminary injunction into a permanent injunction (Doc. 71). Defendants respond that while they "respectfully disagree with this Court's June 12, 2012 preliminary injunction and reserve appellate rights regarding the merits, they do not oppose Plaintiffs' motion to convert the preliminary injunction to a permanent injunction, provided the scope of the permanent injunction mirrors the scope of the preliminary injunction." (*Id*. at 1).

In the absence of opposition from the Defendants, Plaintiffs' Motion to Convert the Preliminary Injunction to a Permanent Injunction is **GRANTED**.  Accordingly, for the reasons stated in the Court's June 12, 2012 Order (Doc. 65), the Court again **ORDERS,** now permanently, that:

(1) The Free Speech Area, the outdoor spaces described in the MainStreet Event Guide,[2] and campus sidewalks are designated public fora;

(2) Any restrictions on student speech in the above-designated public fora must be narrowly tailored to serve a compelling government interest.  The University may impose content-neutral time, place, and manner restrictions if those restrictions do not burden substantially more speech than necessary to serve a compelling University interest;

(3) Defendants are hereby **ENJOINED** from:

  (A) Requiring prior notification for the solicitation by students of signatures of petitions;

  (B) Prohibiting all solicitation by students of signatures of petitions in any designated public forum, including the Free Speech Area, the outdoor spaces described in the MainStreet Event Guide, and campus sidewalks;

  (C) Requiring that <u>all</u> student "demonstrations, picketing, or rallies" occur only in the Free Speech Area and/or McMicken Commons and Northwest McMicken Commons;

  (D) Requiring five to 15 days prior notification for any and <u>all</u> student "demonstrations, picketing, or rallies" – without differentiations.

---

[2] These spaces include the Tangeman University Center Plaza, Bearcat Pavilion, Bearcat Plaza, McMicken Free Speech Area, McMicken Commons, Sigma Sigma Commons, Campus Green, Campus Recreation Center West Plaza, and Campus Recreation Center East Plaza. (Doc. 43 at 12; Doc. 43, Ex. 3 at 4).

  (E) Imposing or enforcing any policy restricting student speech in any designated public forum, including the Free Speech Area, the outdoor spaces described in the MainStreet Event Guide, and campus sidewalks that is not individually and narrowly tailored to serve a compelling University interest.

(4) Pursuant to Fed. R. Civ. P. 54(d)(2), Plaintiffs shall file their motion for attorneys' fees within 14 days of the date of this Order.  Defendants shall file their memorandum in opposition within 21 days of Plaintiffs' filing; and

(5) The Court shall rule on Defendants' Motion for Mediation and Related Relief (Doc. 75) after Plaintiffs' anticipated motion for fees is fully ripe.

**IT IS SO ORDERED**.


Date:  8/22/12         *s/ Timothy S. Black*
               Timothy S. Black
               United States District Judge